IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

DEC 06 2011

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

STEPHANIE DEANN DAVIS,          )
                                )
            Petitioner,         )
                                )
vs.                             )          No. CIV-11-79-W
                                )
MILLICENT NEWTON-EMBRY,         )
Warden of the Mabel Bassett     )
Correctional Center,            )
                                )
            Respondent.         )

## ORDER

On October 27, 2011, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this matter and recommended that the Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Stephanie Deann Davis be denied. Davis was advised of her right to object, and the matter now comes before the Court on Davis' Objection to Report and Recommendation. See Doc. 11.

Davis was tried by a jury and found guilty of first degree (child abuse) murder, 21 O.S. § 701.7(C), and child neglect, 10 O.S. § 7115(C), in the District of Oklahoma County, Oklahoma. State v. Davis, No. CF-2006-2761. The Honorable Tammy Bass-Lesure, District Judge for Oklahoma County, Oklahoma, consistent with the jury's recommendations, sentenced Davis to terms of imprisonment of life without the possibility of parole and life with the possibility of parole, respectively.

In the instant Petition, Davis has asserted two claims for relief. She has first contended that Judge Bass-Lesure erred when she failed to sever Davis' trial from the trial

of her co-defendant, Moses E. Videz.[1]  Davis has next contended that the prosecutor improperly commented on her decision to not testify in her defense at trial.

Because these same claims were presented to, and denied by, the Oklahoma Court of Criminal Appeals ("OCCA") on direct appeal, Davis v. State, No. F-2008-242 (Okla. Crim. October 28, 2009), this Court may only grant habeas relief if the OCCA's adjudication of these grounds "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

Upon de novo review of the record and after applying the foregoing standards, the Court concurs with Magistrate Judge Argo's suggested disposition of this matter. The OCCA's rejection of Davis' claims regarding severance and improper prosecutorial comments was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent.

Accordingly, the Court finds that Davis is not entitled to the relief she has requested and

(1) ADOPTS the Report and Recommendation [Doc. 10] issued on October 27, 2011;

(2) DENIES Davis' Petition filed on January 26, 2011; and

---

[1]Co-defendant Videz was also charged with first degree (child abuse) murder and child neglect.  The jury acquitted Videz of the former charge, but convicted him on the latter charge. Videz was sentenced to a term of imprisonment of five (5) years.

(3) ORDERS that judgment in favor of respondent Millicent Newton-Embry, Warden,

issue forthwith.

ENTERED this _6th_ day of December, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE